In re Beverly Jean LAWSON, Debtor.

TREVECCA NAZARENE COLLEGE,
Plaintiff,

v.

Beverly Jean LAWSON, Defendant.

Bankruptcy No. 1–80–02416.
Adv. No. 1–80–0749.

United States Bankruptcy Court,
E. D. Tennessee.

April 22, 1981.

Jeffrey D. Boehm, Chattanooga, Tenn., for plaintiff.

David E. Nelson, Jr., Chattanooga, Tenn., for defendant.

MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

This cause came on to be heard on April 21, 1981 on plaintiff's complaint to determine dischargeability of defendant's debt to it. The complaint alleges that the action arises under 11 U.S.C. § 523(a)(8) which reads as follows:

Exceptions to discharge.

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(8) to a governmental unit, or a nonprofit institution of higher education, for an educational loan, unless—

(A) such loan first became due before five years before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;

. . . .

The complaint alleges that "defendant's obligation arises from a national direct student loan made by plaintiff to defendant as evidenced by a promissory note dated November 3, 1976 . . . The loan to defendant was for an educational loan."

The complaint further alleges, "The aforesaid debt is not dischargeable in the present bankruptcy proceedings by virtue of 11 U.S.C. Section 523(a)(8), defendant's petition in bankruptcy having been filed on or after November 7, 1980, and within five years of the beginning .of the repayment period of said debt."

The defendant filed an answer admitting the allegations of the complaint except she alleges the indebtedness " . . . is dischargeable under the provisions of 11 U.S.C. 522(a)(8)(B). She would show that to allow this debt to be non-dischargeable would impose an undue hardship on the debtor. She would show that she is in fact still a student and that she has no income or earnings and that to deny a discharge to this debt would be an undue hardship upon her and her family."

From the record in this cause it appears that two claims were filed in connection with educational loans.

| | |
|---|---|
| Trevecca Nazarene College | $1,206.32 |
| Georgia Higher Education Assistance Corporation | $1,871.91 |

From the proof the court finds that debtor dropped out of college because she was unable to pay all costs incident to her education. For a while she tried to work as a waitress. She was not married, became pregnant, and returned home to her parents.

The date of the trial was the second birthday of her child. She gets no child support. She has lived with her parents for the past two years.

With the help of CETA she has been able to graduate from Walker County Technical School with a Licensed Practical Nurse Diploma. It took 13 months of study to obtain the diploma.

She has taken the necessary test to be licensed by the state. She does not have the results of the test. In order to live and go to school, it has been necessary for debtor to receive assistance from the Welfare Department. She also has received assistance from her parents.

Upon becoming licensed by the state, she hopes to work in a local hospital with an hourly income of $4.57. If she works a full week, or 40 hours, she will have a gross income of $728.00 per month. She has attempted to prepare a budget concerning her expenses:

| | |
|---|---|
| $120.00 per month | Child Care |
| $200.00 per month | Rent |
| $100.00 per month | Utilities |
| $150.00 per month | Food |
| $110.00 per month | Gasoline |
| $680.00 Total | |

There are many contingencies which she has not provided for. She expects her parents to furnish her a used car until she is on her feet and can purchase an automobile.

The bankruptcy schedules list debts in the amount of $54,931.23. This includes a large claim for damages as a result of an automobile accident. The plaintiff is the only creditor as of this date who has filed a complaint seeking to have its indebtedness excepted from discharge.

In 1976 the Congress passed the Educational Amendments which restricted a discharge in bankruptcy. The restriction was designed to remedy an abuse by students who, immediately upon graduation, would file bankruptcy to secure a discharge of educational loans. These students often had no other indebtedness and could easily pay their debts from future wages. See: *Discharging Student Loans In Bankruptcy*, 52 Am.Bkrcy.L.J. 201.

In the present case the debtor did not file bankruptcy only to secure a discharge from her educational loans. The debtor has been unemployed and attending school for most of the last two years. She has had no regular wages or income. Her present prospects offer only enough money to barely maintain her and her two year old child.

The court concludes that under these circumstances, requiring the debtor to repay the debt to the plaintiff would impose upon her an undue hardship. In passing the Educational Amendments of 1976 and including these amendments Bankruptcy Reform Act of 1978, Congress intended to correct an abuse, It did not intend to deprive those who have truly fallen on hard times of the "fresh start" policy of the new Bankruptcy Code.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.